# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 23-1571V

| | |
|---|---|
| WENDY HIGHTOWER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: December 9, 2024 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Michael Bliley, U.S. Department of Justice, Washington, DC,* for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On September 12, 2023, Wendy Hightower filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered an abscess/sebaceous cyst as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination administered to her on August 19, 2022. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 4, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her abscess. ECF No. 26. On December 9, 2024,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $35,000.00 in pain and suffering. Proffer at 1, ECF No. 31. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *Id.* In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $35,000.00 for pain and suffering, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| WENDY HIGHTOWER,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | No. 23-1571V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On September 12, 2023, Wendy Hightower ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a lump in her left shoulder diagnosed as an abscess/sebaceous cyst, following administration of a tetanus, diptheria, and acellular pertussis ("Tdap") vaccine she received on August 19, 2022. Petition at 1. On September 3, 2024, the Secretary of Health and Human Services ("Respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and on September 4, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 23; ECF No. 28.

**I. Item of Compensation**

Respondent proffers that petitioner should be awarded $35,000.00 in pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$35,000.00** in the form of a check made payable to petitioner.[1] This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

> Respectfully submitted,
>
> BRIAN M. BOYNTON
> Principal Deputy Assistant Attorney General
>
> C. SALVATORE D'ALESSIO
> Director
> Torts Branch, Civil Division
>
> HEATHER L. PEARLMAN
> Deputy Director
> Torts Branch, Civil Division
>
> VORIS E. JOHNSON, JR.
> Assistant Director
> Torts Branch, Civil Division
>
> MICHAEL S. BLILEY
> Trial Attorney
> Torts Branch, Civil Division
>
> /s/ *Michael S. Bliley*
> MICHAEL S. BLILEY
> Trial Attorney
> Torts Branch, Civil Division
> U.S. Department of Justice
> P.O. Box 146, Ben Franklin Station
> Washington, DC 20044-0146
> Tel: (202) 616-4357
> Michael.Bliley@usdoj.gov

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

Date: December 9, 2024